UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| RUHI REIMER, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>NORTH STAR INSURANCE ADVISORS, LLC and JOHN DOES 1-10,<br><br>Defendant. | Case No. 4:22-cv-01222 |

## CLASS ACTION COMPLAINT

**NOW COMES** Ruhi Reimer ("Plaintiff"), by and through his undersigned counsel, and on behalf of all others similarly situated, complaining of North Star Insurance Advisors, LLC ("Defendant") and John Does 1-10 as follows:

## NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §227 *et seq.*, and the Virginia Telephone Privacy Protection Act ("VTPPA"), Va. Code §59.1-510 *et seq*.

2. "The primary purpose of the TCPA was to protect individuals from the harassment, invasion of privacy, inconvenience, nuisance, and other harms associated with unsolicited, automated calls." *Parchman v. SLM Corp.*, 896 F.3d 728, 738-39 (6th Cir. 2018) *citing* Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2, 105 Stat. 2394 (1991).

3. As the Supreme Court recently observed, "Americans passionately disagree about many things. But they are largely united in their disdain for [unwanted automated calls]." *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2343 (2020).

1

## JURISDICTION AND VENUE

4. The Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 as the TCPA is a federal statute.

5. The Court has supplemental jurisdiction over the VTPPA claim pursuant to §28 U.S.C. §1367(a).

6. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b)(1) as Defendant resides in this judicial district.

## PARTIES

7. Plaintiff is a natural person, over 18-years-of-age, who at all times relevant had a Virginia phone number and was physically present in Virginia at the time he received the solicitation calls at issue in this case.

8. Plaintiff is a "person" as defined by 47 U.S.C. § 153(39).

9. Defendant is an insurance marketing entity that specializes in marketing insurance services on behalf of insurance agents.[1]

10. Defendant maintains is corporate headquarters in Wentzville, Missouri.

11. Defendant is a "person" as defined by 47 U.S.C. § 153(39).

12. JOHN DOES 1-10 are third party vendors/agents that Defendant engages to place outbound marketing calls to consumers on Defendant's behalf.

13. At all times relevant, Defendant had an agency relationship with John Does 1-10 whereby Defendant (as the principal) had the right to control and direct the activities of John Does 1-10 (as the agents) and John Does 1-10 (as the agents) had the authority to act on behalf of

---

[1] https://northstaria.com/about/ (last visited November 15, 2022)

Defendant. Accordingly, Defendant, as the principal of John Does 1-10, is liable for the acts of its agents John Does 1-10.

## FACTUAL ALLEGATIONS

14. At all times relevant, Plaintiff was the sole operator, possessor, and subscriber of the cellular telephone number ending in 3122.

15. At all times relevant, Plaintiff's number ending in 3122 was assigned to a cellular telephone service.

16. At no point in time did Plaintiff contract with Defendant or otherwise solicit Defendant's insurance services.

17. At no point in time did Plaintiff provide Defendant with his cellular telephone number ending in 3122.

18. At no point in time did Plaintiff provide Defendant with consent to place calls to his cellular telephone number ending in 3122.

19. At all times relevant, Plaintiff's cellular telephone number ending in 3122 was registered on the National Do-Not-Call Registry.

20. On March 10, 2022, at approximately 2:43 p.m. EST, Defendant placed a solicitation call to Plaintiff's cellular phone from the phone number (703) 755-8242.

21. Defendant spoofed Plaintiff's area code to deceive Plaintiff into believing that the call was coming from a local caller to increase the likelihood of Plaintiff answering Defendant's call.[2]

---

[2] In order to curtail caller ID spoofing, Congress enacted the Truth in Caller ID Act of 2009. Under the Act, it is illegal "to cause any caller identification service to knowingly transmit misleading or inaccurate caller identification information with the intent to defraud, cause harm, or wrongfully obtain anything of value...." Forfeiture penalties or criminal fines of up to $10,000 per violation (not to exceed $1,000,000) could be imposed.

22. Upon answering Defendant's call, a representative identified herself by only her first name, "Debbie." Debbie stated that she was calling from "Senior Benefits" and asked for an individual by the name of "R.K."

23. Plaintiff informed Debbie that he is not "R.K." and asked that Defendant stop calling his cellular phone before terminating the call with Defendant.

24. On March 11, 2022 at approximately 11:07 a.m. EST, Defendant placed another call to Plaintiff's cellular phone from the spoofed phone number (703) 755-8220.

25. Plaintiff answered Defendant's call and was greeted by a representative by the name of "Brandon," from "Senior Benefits," who was calling about a "new state wide final expense plans."

26. Frustrated with Defendant's solicitation calls, Plaintiff (1) asked Defendant why it was placing calls to his number; (2) requested that Defendant disclose its address and legal business name; and (3) requested that Defendant disclose the process of requesting Defendant's Do-Not-Call Policy.

27. In response to Plaintiff's inquiries, Defendant's representative informed Plaintiff that Defendant's business name is "Senior Benefits."

28. Plaintiff responded that he believed that "Senior Benefits" is a fictitious name and pressed Defendant's representative to provide him with Defendant's true business name.

29. In response, Defendant's representative informed Plaintiff that he could not provide Plaintiff with Defendant's true business name because he "could lose his job" for doing so and he was just doing what "he was trained to do."

30. The phone call ended shortly thereafter.

31. Defendant did not provide Plaintiff with the process for requesting Defendant's Do-Not-Call Policy as requested by Plaintiff.

32. In both of Defendant's phone calls to Plaintiff, Defendant's name did not display on Plaintiff's caller ID while the phone was ringing.

## DAMAGES

33. Defendant's unlawful telemarketing practices have caused Plaintiff concrete harm, including: invading Plaintiff's privacy, nuisance, wasting Plaintiff's time, the increased risk of personal injury resulting from the distraction caused by the solicitation calls, decreased productivity, aggravation that accompanies unwanted solicitation calls, frustration, loss of concentration, and the loss of battery charge.

34. Moreover, each time Defendant placed a solicitation call to Plaintiff's cellular phone, Defendant occupied Plaintiff's cellular phone such that Plaintiff was unable to receive other phone calls or otherwise utilize his cellular phone while his phone was ringing.

35. Frustrated and concerned with Defendant's invasive and deceptive telemarketing practices, Plaintiff retained counsel to file this action to vindicate his rights.

## CLASS ALLEGATIONS

36. All preceding Paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

37. Plaintiff brings this action pursuant to Fed. R. Civ. P. 23(b)(2) and 23(b)(3) individually, and on behalf of all others similarly situated ("Putative Class") defined as follows:

### Do-Not-Call Registry Class

> All individuals in the United States (1) to whom Defendant, or a third party acting on Defendant's behalf, placed, or caused to be placed, a phone call; (2) directed to a residential or cellular telephone number; (3) that is registered on the National Do-Not-Call Registry; (4) in which the purpose of the call was to

      market and/or offer Defendant's services; (5) within the four years preceding the date of the original complaint through the date of class certification.

38. The following individuals are excluded from the Putative Class: (1) any Judge or Magistrate Judge presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which Defendant or its parents have a controlling interest and their current or former employees, officers, and directors; (3) Plaintiff's attorneys; (4) individuals who properly execute and file a timely request for exclusion from the Putative Class; (5) the legal representatives, successors, or assigns of any such excluded individuals; and (6) individuals whose claims against Defendant have been fully and finally adjudicated and/or released.

    **A.**    **Numerosity**

39. Upon information and belief, the members of the Putative Class are so numerous that joinder of them is impracticable.

40. The exact number of the members of the Putative Class is unknown to Plaintiff at this time and can only be determined through targeted discovery.

41. The members of the Putative Class are ascertainable because the Class are defined by reference to objective criteria.

42. The members of the Putative Class are identifiable in that their names, addresses, and telephone numbers can be identified in business records maintained by Defendant or its third-party vendors.

    **B.**    **Commonality and Predominance**

43. There are many questions of law and fact common to the claims of Plaintiff and the claims of the members of the Putative Class.

44. Those questions predominate over any questions that may affect individual members of the Putative Class.

### C. Typicality

45. Plaintiff's claims are typical of members of the Putative Class because Plaintiff and members of the Putative Class are entitled to damages as a result of Defendant's unlawful marketing practices.

### D. Superiority and Manageability

46. This case is also appropriate for class certification as class proceedings are superior to all other available methods for the efficient and fair adjudication of this controversy.

47. The damages suffered by the individual members of the Putative Class will likely be relatively small, especially given the burden and expense required for individual prosecution.

48. By contrast, a class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

49. Economies of effort, expense, and time will be fostered, and uniformity of decisions ensured.

### E. Adequate Representation

50. Plaintiff will adequately and fairly represent and protect the interests of the Putative Class.

51. Plaintiff has no interests antagonistic to those of the members of the Putative Class and Defendant has no defenses unique to Plaintiff.

52. Plaintiff has retained competent and experienced counsel in consumer class.

## CLAIMS FOR RELIEF

### COUNT I:

**Violations of the Telephone Consumer Protection Act
(On behalf of Plaintiff and the Members of Do-Not-Call Registry Class)**

53. All preceding Paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

54. Pursuant to 47 C.F.R. §64.1200(c)(2) (a regulation based on 47 U.S.C. §227(c)), it is a violation of the TCPA to call "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government. This regulation also applies to wireless telephone subscribers who have registered their numbers on the national do-no-call registry." *Heidorn v. BDD Mktg. & Mgmt. Co., LLC*, 2013 U.S. Dist. LEXIS 177166, at *30-31 (N.D. Cal. 2013).

55. Defendant violated 47 C.F.R. §64.1200(c)(2) by placing or causing to be placed no less than two (2) solicitation calls to Plaintiff's cellular telephone number while it was registered on the National Do Not Call Registry.

56. As pled above, Plaintiff never consented to receiving solicitation calls from Defendant.

57. Defendant knew or should have known that Plaintiff's phone number was on the Do-Not-Call Registry as the Registry is publicly available and easily accessible.

58. Instead of scrubbing Plaintiff's phone number through the Do-Not-Call Registry prior to making its solicitation calls, Defendant recklessly placed calls to Plaintiff's cellular phone number without first scrubbing Plaintiff's phone number through the Do-Not-Call Registry.

59. Upon information and belief, Defendant does not maintain adequate procedures or protocols to ensure that it does not place solicitation calls to phone numbers that are registered on the National Do-Not-Call Registry.

**WHEREFORE**, Plaintiff, on behalf of himself and the members of the Do-Not-Call Registry Class, requests the following relief:

A. an order granting certification of the Do-Not-Call Registry Class, including the designation of Plaintiff as the named representative, and the appointment of the undersigned as Class Counsel;

B. an order enjoining Defendant from placing or causing to place further violating calls to consumers;

C. a judgment in Plaintiff's favor for Defendant's violations of the TCPA;

D. a judgment in favor of the Do-Not-Call Registry Class for Defendant's violations of the TCPA;

E. an award of $500.00 in damages to Plaintiff and the members of the Do-Not-Call Registry Class for each violating call;

F. an award of treble damages up to $1,500.00 to Plaintiff and the members of the Do-Not-Call Registry Class for each violating call; and

G. any further relief this Court deems just and proper.

## COUNT II:
**Violations of the Telephone Consumer Protection Act**
**(Plaintiff Individually)**

60. All preceding Paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

9

61. Pursuant to 47 CFR 64.1200(e)(2)(i), Defendant is required to have a written policy, available upon demand, for maintaining a do-not-call policy. 47 C.F.R. 64.1200(e)(2)(i).

62. Defendant violated 47 CFR 64.1200(e)(2)(i) by failing to deliver its written Do-Not-Call policy to Plaintiff despite Plaintiff's demand during the March 11, 2022 phone call.

**WHEREORE**, Plaintiff requests the following relief:

A. A judgment in Plaintiff's favor for Defendant's violations of the TCPA;

B. An award of $1,500.00 for each willful violation of the TCPA; and

C. Any further relief this Court deems just and proper.

## COUNT III:
**Violations of the Virginia Telephone Privacy Protection Act
(Plaintiff Individually)**

63. All preceding Paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

**a.      Violations of §59.1-512 of the VTPPA**

64. Pursuant to §59.1-512 of the VTPPA, "a telephone solicitor who makes a telephone solicitation shall identify himself by his first and last names and the name of the person on whose behalf the telephone solicitation call is being made promptly upon making contact with the called person." Va. Code §59.1-512.

65. Defendant violated §59.1-512 of the VTPPA by failing to provide its representatives' first and last names during phone calls with Plaintiff.

66. As set forth above, Defendant's representatives only disclosed their first names to Plaintiff during phone calls that Plaintiff answered.

**b.      Violations of §59.1-514 (B) of the VTPPA**

67. Pursuant to §59.1-514(B) of the VTPPA, "no telephone solicitor shall initiate, or cause to be initiated, a telephone solicitation call to a telephone number on the National Do Not Call Registry…" Va. Code §59.1-514(B).

68. Defendant violated §59.1-514(B) of the VTPPA by placing no less than two (2) calls to Plaintiff's cellular phone number while Plaintiff's cellular phone number was registered on the National Do-Not-Call Registry.

    **c.**     **Violations of §59.1-513 of the VTPPA**

69. §59.1-513 of the VTPPA provides that "[a] telephone solicitor who makes a telephone solicitation call shall transmit the telephone number, and, when available by the telephone solicitor's carrier, the name of the telephone solicitor." Va. Code §59.1-513.

70. Upon information and belief, Defendant's telephone carrier enables Defendant to elect whether to display Defendant's name on the called party's Caller ID in the solicitation calls that Defendant places.

71. Defendant violated §59.1-513 of the VTPPA by failing to display its name on Plaintiff's Caller ID in the calls it placed to Plaintiff's cellular phone number.

72. As set forth above, in all the calls placed by Defendant to Plaintiff's cellular phone number, Defendant's name did not display on Plaintiff's Caller ID.

**WHEREORE,** Plaintiff requests the following relief:

A.     A judgment in favor of Plaintiff for Defendant's violations of the VTPPA;

B.     An award of statutory damages in the amount of no less than $500.00 for Defendant's first violation of the VTPPA;

C.     An award of statutory damages in the amount of no less than $1,000.00 for Defendant's second violation of the VTPPA;

D. An award of statutory damages in the amount of $5,000.00 for each violation subsequent to Defendant's second violation of the VTPPA;

E. An order enjoining Defendant from placing further calls to Plaintiff;

F. An award of Plaintiff's attorney's fees and costs; and

G. Any further relief this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury.

Dated:  November 16, 2022  Respectfully submitted,

**RUHI REIMER**

By: *Mohammed O. Badwan*

Mohammed O. Badwan
Sulaiman Law Group, Ltd.
2500 South Highland Avenue
Suite 200
Lombard, Illinois 60148
(630) 575-8180
mbadwan@sulaimanlaw.com
*Counsel for Plaintiff*